---

### STEINBERG v. HASENBEIN et al.

(Supreme Court, Appellate Division, First Department. April 24, 1908.)

MASTER AND SERVANT—PERSONAL INJURIES—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

In an action for injuries to a servant through having his hand crushed in a press for stamping out tin, evidence *held* to show that the accident was due to plaintiff's own negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 987–996.]

Appeal from Trial Term.

Action by Max Steinberg, an infant, by his guardian ad litem, against Henry J. Hasenbein and others. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant Hasenbein appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Schenkman & Brown (Edward A. Brown, of counsel), for appellant.
Jacob Rieger, for respondent.

CLARKE, J. At the time of the accident the plaintiff was about 18 years of age. He was a tinsmith. He had been in this country 4 years, having come from Austria, where he had learned the tinsmith's trade. He had been about 10 months in the employ of the defendants Kulenkampff & Co., and in their factory he had used foot presses for the purpose of stamping out tin. There were no power presses in their establishment, and the plaintiff testified that he had never worked upon power presses until the day of the accident. He was sent with his foreman to the establishment of Bender & Co., who had power presses, for the purpose of doing some work for his employers. The press upon which he was put to work was for the purpose of stamping out tin in a required form, and the die was brought down by pressure of the foot upon a treadle, which threw on the power. So long as pressure on the treadle continued, the plunger moved up and down. The press was of the form and construction ordinarily used, and was in good order. In the foot presses, upon which the plaintiff had theretofore worked, the plunger was brought down by pressure upon the treadle each time that the operator desired it to strike. So far as the action of the plunger upon the tin was concerned, the result was the same in the two presses; the fundamental difference being that in the foot press there was one stroke for each pressure, while in the power press the strokes continued so long as the pressure was applied.

The plaintiff testified that his foreman showed him how to put the

tin in the press, and sat down and stamped out a number of pieces, and then that he sat down to the machine, in the presence of the foreman, and cut out about a dozen pieces; that he worked at the press from half-past 10 until 12, and then went out to his lunch; that during that period he was working steadily at the machine; that after lunch he worked again at the press for about an hour, "and then the stamping part of the machine came down and cut my fingers. I don't know how it fell down." He testified that:

"During those 10 minutes, when the foreman, was standing near the press, every time I stamped a piece, he had it in his hand, and looked at it to see if it was right." "Before the foreman went away I did not ask him to explain the workings of that machine." "When I started to work on this power press, I understood that the operation of the machine was in all respects the same as the former machines that I worked on, excepting that this one was propelled by power." "The machine itself worked for all purposes like the machines I had been accustomed to work on; in other words, this up and down movement on the part of this part of the machine was the same in the foot-power machine as in this one on which the accident occurred." "On this power press that I was working on that day, * * * supposing the power were turned on and I had not my foot on the treadle, it could not come down of itself. It is immaterial whether the power was on or off. This thing could not come down until I put my foot on the treadle." "During that time I did not have any difficulty with the machine. It worked, and I turned out my work properly." "In operating this foot press, when I worked on the foot-power press, I place the tin under the die in the same way I do on the steam-power press, and I have to put it in with my hands while the die is up. If you kept your fingers under the die, while you have got your foot on the treadle, and press the die, it will come down in the same way on the foot press as it does on the steam press." "But before you bring it down in that way you have to withdraw your fingers. You would have to pull your fingers out just the same as you would on the other press." "In the proper working of this thing, when the punch comes down, my fingers are supposed to be away from it."

It was conceded that the fingers removed were the index finger at about the middle joint, the next finger towards the hand and below the middle joint, and the third finger almost to the knuckle on the right hand. It therefore appears that the plaintiff had been working at his trade for a number of years; that he was thoroughly familiar with the operation of the presses; that he had worked for a considerable period of time upon a foot press, in which the character of the work was entirely similar to that upon which he was put on the day in question; that is to say, that the plunger was brought down by pressure of the foot upon a treadle, that the tin was put into the press by the fingers, and that if the fingers remained there they would be injured when the die came down; that the press upon which he was put at work differed only in the motive power; that the danger of putting fingers under the die was perfectly obvious; that the machine was in good condition; that the foreman operated it for him; that he then operated it in the presence of the foreman, who examined his work for some time; that he understood it so well that he asked no questions in regard to it, and that he had worked for an hour and a half before lunch and for an hour afterwards, experiencing no difficulty in managing the machine until the accident happened; that he gives no explanations of the happening of the accident, and, as there was nothing out of order, it is quite clear that the reason for the ac-

cident was that he put his fingers under the die and pressed the treadle with his foot at the same time.

It seems to me that he was properly instructed, he was acquainted with the danger which was obvious, there were no latent defects known to the employer and concealed from the employé, and that the accident was due to his own negligence. Under those circumstances the judgment cannot be sustained.

Therefore the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.